UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BETTENCOURT, JR.,<br>    Plaintiff, | CIVIL ACTION NO.: |
| v. | |
| DAVID B. ARRUDA &<br>BRYAN C. McCARTHY,<br>    Defendants | |

## COMPLAINT & JURY DEMAND

### PARTIES

1. The plaintiff, John Bettencourt, is an individual residing at 936 Horseneck Road, Westport, Bristol County, Massachusetts and at all times relevant to the allegations herein was a citizen of the United States.

2. The defendant, David B. Arruda, is a police officer employed by the Westport Police Department, Bristol County, Massachusetts. At all times relevant to the allegations herein, he was acting in such capacity. He is sued individually and in his official capacity.

3. The defendant, Bryan C. McCarthy, is a police officer employed by the Westport Police Department, Bristol County, Massachusetts. At all times relevant to the allegations herein, he was acting in such capacity. He is sued individually and in his official capacity.

4. At all times relevant to the allegations herein, the defendants were acting under color of law and pursuant to their authority as police personnel.

### FACTUAL ALLEGATIONS

5. On or about September 6, 2007, the plaintiff's brother, Jeffrey Bettencourt, age 45 at the time, resided at 928 Horseneck Road, Westport, Bristol County, Massachusetts.

6. On or about September 6, 2007, Jeffrey Bettencourt learned of a motor vehicle crash in front of his home and went outside to investigate.

7. Upon learning that a woman injured in the motor vehicle accident was a friend, Jeffrey Bettencourt offered her the use of his cellular phone to call her family.

8. Upon information, Jeffrey Bettencourt subsequently engaged in a verbal dispute with Town of Westport Police, specifically the defendants. Jeffrey Bettencourt then left the scene of the verbal dispute and returned to his property.

9. The defendants, Town of Westport police officers, followed Jeffrey Bettencourt onto his property and continued the verbal dispute. At some point, the defendants informed Jeffrey Bettencourt that he was being placed under arrest.

10. Jeffrey Bettencourt verbally objected to his arrest in a nonviolent manner. The defendants subsequently began to strike Jeffrey Bettencourt in the back of his legs

with clubs.

11. On or about September 6, 2007, Jeffrey Bettencourt's father, John Bettencourt, Sr., age 84 at the time, observed the altercation and asked the defendants their justification for using excessive force against Jeffrey Bettencourt. The defendants responded in a vulgar manner and instructed John Bettencourt, Sr. to mind his own business.

12. As instructed, John Bettencourt, Sr. attempted to walk away from the altercation. Before he could do so, the defendant, David B. Arruda, grabbed his shirt with both hands and threw him into a telephone pole. The defendant, David B. Arruda, subsequently sprayed John Bettencourt Sr. in the face with mace.

13. The plaintiff, John Bettencourt, Jr., had observed the beginning of Jeffrey Bettencourt's altercation with the defendants. In order to avoid further escalation, John Bettencourt, Jr. drove to the home of Deputy Police Chief John Gifford to request assistance. Deputy Police Chief Gifford informed John Bettencourt, Jr. that he would respond to the altercation as soon as possible.

14. John Bettencourt, Jr. subsequently returned to 928 Horseneck Road, Westport, Bristol County, Massachusetts. Upon arrival, John Bettencourt, Jr. observed the defendants committing assaults and batteries upon John Bettencourt, Sr. and Jeffrey Bettencourt.

15. John Bettencourt, Jr. attempted to calm the situation. At this time he was yanked into the scuffle by his arm. The defendants subsequently struck John Bettencourt, Jr. with their clubs and sprayed him with mace.

16. Eventually, John Bettencourt, Jr. and John Bettencourt, Sr. were able to walk away from the melee to seek medical attention.

17. The actions discussed in paragraphs 5 through 16 were committed by the defendants in conjunction with other police officers in full view of the John Bettencourt, Jr.'s family and neighbors.

18. Jeffrey Bettencourt was then handcuffed, placed into custody and charged with disorderly conduct and resisting arrest. He was not charged with assault and battery on a police officer. The charges against Jeffrey Bettencourt were dismissed the following day.

19. Neither John Bettencourt, Jr. nor John Bettencourt, Sr. were charged with any criminal offenses.

20. John Bettencourt, Jr., John Bettencourt, Sr. and Jeffrey Bettencourt acted reasonably and in a nonaggressive, nonthreatening manner throughout the ordeal.

21. As a direct and proximate result of the defendants' actions, the plaintiff has suffered serious personal injuries as well as pain and suffering, has incurred costs for his medical expenses, was caused to suffer a loss of earning capacity, has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities, and suffered a temporary loss of his liberty.

## PLAINTIFF JOHN BETTENCOURT, JR.'S CLAIMS AGAINST THE DEFENDANTS

### COUNT I - VIOLATION OF 42 U.S.C. § 1983

22. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

23. The conduct of the defendants, David B. Arruda and Bryan C. McCarthy, described herein violated the plaintiff's federal civil rights, including but not limited to the right against illegal search and seizure, the right to be free from excessive force, the right to equal protection under the law, and the right to security of the person.

24. The defendants, David B. Arruda and Bryan C. McCarthy, violated the plaintiff's civil rights while acting under color of law.

25. As a direct and proximate result of the violations of John Bettencourt, Jr.'s federal civil rights by the defendants, John Bettencourt, Jr. was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

### COUNT II - ASSAULT & BATTERY

26. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

27. The defendants, David B. Arruda and Bryan C. McCarthy, used excessive force against, assaulted and battered the plaintiff, John Bettencourt, Jr.

28. As a direct and proximate result of the assault and battery of the plaintiff by the defendants, the plaintiff was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

### COUNT III - VIOLATION OF M.G.L. C. 12 § 11I

29. The plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

30. The conduct of the defendants, David B. Arruda and Bryan C. McCarthy, described herein violated the civil rights of the plaintiff as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to including but not limited to the right against illegal search and seizure, the right to be free from excessive force, the right to equal protection under the law, and the right to security of the person, thereby causing damage for which the plaintiff is entitled to recover.

31. As a direct and proximate result of the violations of John Bettencourt, Jr.'s civil rights by the defendants, John Bettencourt, Jr. was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

WHEREFORE, the plaintiff, John Bettencourt, Jr., demands judgment jointly and severally against each of the defendants, David B. Arruda and Bryan C. McCarthy, in the amount of his damages together with interest, costs and punitive damages.

## JURY CLAIM

The plaintiff claims a trial by jury on all causes of action set forth herein.

> Respectfully Submitted,
> The Plaintiff,
> By her Attorneys,
>
> *(signature)*
> Jason R. Markle
> BBO #: 665875
> George N. Keches
> BBO #: 263500
> KECHES LAW GROUP, P.C.
> 122 Dean Street
> Taunton, MA 02780
> Tel. No.: (508) 822-2000