UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BETTENCOURT, JR.   )<br>                                                  )<br>          Plaintiff,             )<br>     v.                              )<br>                                        )<br>DAVID B. ARRUDA and  )<br>BRYAN C. McCARTHY,   )<br>                                        )<br>          Defendants.         ) | CIVIL ACTION<br>NO.  10-11487-JGD |

# MEMORANDUM OF DECISION AND ORDER
# ON DEFENDANTS' MOTION FOR
# MEDICAL/PSYCHOLOGICAL RECORDS

October 14, 2011

DEIN, U.S.M.J.

This matter is before the court on the "Motion of Defendants for Order to Allow Access to Plaintiff's Medical/Psychological Records." (Docket No. 24). By this motion, the defendants are seeking the plaintiff's medical/psychological records relating to his treatment at Westwood Hospital approximately 2 years after the incident which forms the basis of the instant case. It is the defendants' contention that there is some evidence that, during his treatment, the plaintiff made statements about his feelings toward the police which may help to explain his interactions with the police which led to the instant lawsuit.

After consideration of the parties' oral arguments and written submissions, the motion is DENIED. As an initial matter, the defendants have failed to establish that the

information they are seeking is relevant to the issues in dispute in the instant case.  Moreover, pursuant to Mass. Gen. Laws ch. 233, § 20B, communications between a "patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition" are privileged.[1]  "The privilege gives the patient the right to refuse to disclose and to prevent another witness from disclosing any communication between patient and psychotherapist concerning diagnosis or treatment of the patient's mental condition."  Commonwealth v. Clancy, 402 Mass. 664, 667, 524 N.E.2d 395, 397 (1988).  The "purpose of the statute is to protect justifiable expectations of confidentiality that people who seek psychotherapeutic help have a right to expect."  Id.

     The statutory privilege does not apply in a proceeding "in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between patient and psychotherapist be protected."  Mass. Gen. Laws ch. 223, § 20B(c).[2]  Massachusetts courts interpreting the statute have consistently recognized "that a plaintiff seeking damages for emotional distress does not thereby waive the privilege unless there is also an allegation of psychological injury which necessitated psychiatric treatment."  Sorenson v. H & R

---

[1] It is not disputed that the records being sought fall within the purview of Mass. Gen. Laws ch. 233, § 20B.

[2] None of the other statutory exceptions to the privilege have any possible application to the instant case.

Block, Inc., 197 F.R.D. 199, 203 (D. Mass. 2000) (internal quotation and citations omitted). "Another way of expressing the same view is that pressing a 'garden variety claim of emotional distress' does not waive the privilege but any claim of 'mental damage,' 'psychic damage' or impairment of mental health' will operate as a waiver." Id. at 204 (citations omitted). In the instant matter, plaintiff's counsel has represented that this case presents only a "garden variety claim of emotional distress" as a result of which this court concludes that the plaintiff has not waived the privilege as of this time. Admittedly, the privilege may be waived "if plaintiff calls the psychotherapist as a witness or introduces into evidence (including by plaintiff's own testimony) the substance of any privileged communication." Howe v. Town of North Andover, 784 F. Supp. 2d 24 (D. Mass. 2011) (and cases cited). However, no such situation is presently before the court. The defendants may seek to compel the evidence at a later date if the plaintiff waives the privilege. As of now, however, the requested information is privileged, and the motion to compel is DENIED.

                                               / s / Judith Gail Dein
                                              Judith Gail Dein
                                              U.S. Magistrate Judge