UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN BETTENCOURT, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-11487-JGD |
| DAVID B. ARRUDA and | ) | |
| BRYAN C. McCARTHY, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER ON DEFENDANT'S
# MOTION TO ADMIT POLICE REPORTS

May 3, 2013

DEIN, U.S.M.J.

This matter is before the court on the defendant's "Motion to Admit Police Reports" (Docket No. 52). After consideration of the parties' written submissions, their oral arguments, and the police reports at issue, the motion is ALLOWED IN PART and DENIED IN PART for the reasons that follow.

The defendant is seeking to have the police reports admitted into evidence under the "public records" exception to the hearsay rule. That exception allows for the admission of

> [a] record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) neither the source of information nor other circumstances indicate a lack of

trustworthiness.

Fed. R. Evid. 803(8).

"Police reports may qualify as records or reports of a public agency pursuant to F.R.E. 803(8) to the extent that the reports contain factual findings which are based upon the knowledge or observation of the person preparing the reports." Kubik v. Brown, 979 F. Supp. 539, 544 (W.D. Mich. 1997). See also Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted") (quoting United States v. Pazsint, 703 F.2d 420, 424 (9th Cir. 1983)). "Under F.R.E. 803(8), the reporting person's legal duty supplies the indicia of trustworthiness which allows admission of the report." Kubik, 979 F. Supp. at 544.  However, statements made by third parties regarding events or conversations outside of the reporting officer's presence constitute hearsay and are inadmissible. See Parsons, 929 F.2d at 907 (explaining that "statements made by third persons under no business duty to report" may not be admitted into evidence) (quotations, citation and punctuation omitted)); Kubik, 979 F. Supp. at 544 (court agrees to consider police reports to the extent they reflect officer's own observations and conclusions, but declines to consider reports to the extent they reflect statements made to officer concerning events or conversations outside of officer's presence).

Based on the applicable standard, the defendant's motion to admit police reports is allowed in part and denied in part.  To the extent the defendant is seeking to admit the

victim/witness statements from John W. Andrade and Timothy Bernard, those statements constitute hearsay and are inadmissible under the public records exception to the hearsay rule.  The remaining materials purport to reflect Officer McCarthy's and Officer Arruda's first-hand observations and knowledge.  Thus, they qualify as public records under Fed. R. Evid. 803(8).  However, to the extent the plaintiff continues to object to any portions of those reports, he may raise his specific objections at trial.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge